## RICHARDSON v. MOUNCE.

1. The declarations of A., made after the sale of his property by the sheriff under execution, but while he continued in possession, may be given in evidence against his vendee for the purpose of showing fraud in the pretended sale. *McCord* v. *McCord*, 3 *S. C.* 577, recognized and followed.
2. Findings of fact by master and Circuit judge sustained.
3. *Quære:* Is the effect of a retention of possession of the land aliened by a father-vendor different from that of a retention in other cases?
4. Where land sold by a sheriff is conveyed by deed to the highest bidder, but the judgment debtor furnishes the money which pays the bid, a trust results in the debtor's favor, and the land may be again subjected to the payment of his debts.

5. Action to set aside a deed for fraud, commenced within six years after judgment obtained at law against the vendor, is not barred by the statute of limitations. *Suber* v. *Chandler*, 18 *S. C.* 526, approved.

6. The statute of limitations does not run in favor of a fraudulent conveyance until the discovery of the facts which constitute the fraud; and such knowledge being denied in the complaint the defendant must prove the knowledge.

7. The retention of possession of land by a judgment debtor after sheriff's sale is not in itself sufficient notice of fraud in the sale.

Before WALLACE, J., Laurens, September, 1882.

The opinion makes a full statement of the case.

*Messrs. Ball & Watts,* for appellant.

The evidence is insufficient to sustain the conclusion of fact. 2 *S. C.* 59; 4 *Id.* 449; *Bump Fraud. Conv.* (2d *edit.*) 581–6, 38, 48, 120, 122, 160, 199, 172; 1 *Bailey* 575; 1 *N. & McC.* 334; 3 *Desaus.* 1; 2 *McC.* 362. Motes' declarations were inadmissible. 3 *S. C.* 577; 4 *Rich.* 422; 2 *Bailey* 123; 1 *Id.* 578; 2 *Hill Ch.* 636; 10 *Rich.* 72. The claim is stale and barred by the statute of limitations. *Kerr Fr.* 303–5; 2 *Strobh. Eq.* 27; 7 *Rich. Eq.* 430; *Bump Fraud. Conv.* 549; 1 *Hill* 387; 4 *S. C.* 249; *Bailey Eq.* 437; 10 *Rich. Eq.* 346; 1 *Strobh. Eq.* 79, 90; 3 *Rich. Eq.* 465; 11 *Geo.* 615; 24 *Pick.* 242.

*Messrs. Holmes & Simpson,* contra.

Motes' declarations were admissible. 3 *S. C.* 577; *Bump Fraud. Conv.* 546, 549, 550; 3 *Phil. Ev.* 222; 1 *Id.* 197; 4 *John.* 230; 8 *Ala.* 650; 1 *McMull.* 373; 1 *Hill Ch.* 303; 5 *Rich. Eq.* 142; 2 *Hill Ch.* 108; 1 *Id.* 302. Action is not barred by the statute of limitations. 18 *S. C.* 526; 6 *Rich. Eq.* 101; 13 *S. C.* 384.

July 11th, 1883. The opinion of the court was delivered by

MR. JUSTICE McIVER. The plaintiff brings this action for the purpose of setting aside a certain deed upon the ground of

fraud. The circumstances out of which the alleged fraud arises are as follows: In 1869, one A. C. Fuller, suing for the use of the plaintiff, commenced an action on a note against Hogan Motes, the father of the defendant, Sarah A. Mounce, in which judgment was not obtained until May 28th, 1875, when an execution was issued thereon and returned unsatisfied. Whilst said action was pending, to wit, on November 7th, 1870, a valuable tract of land belonging to Hogan Motes, containing 500 acres, was sold by the sheriff under an execution against said Motes, and bid off by the defendant S. A. Mounce, for the sum of $700. The sheriff's deed to said S. A. Mounce for said land bears date November 7th, 1870, but it was not recorded until May 8th, 1879. On November 15th, 1879, S. A. Mounce executed a mortgage on said tract of land to the defendant E. H. Frost, to secure debts due to the firm of E. H. Frost & Co., as well by the said Hogan Motes as by the said S. A. Mounce.

On November 6th, 1880, the present action was commenced against S. A. Mounce and E. H. Frost & Co., by which the plaintiff seeks to have the alleged deed from the sheriff to the defendant S. A. Mounce, set aside upon the ground that the purchase-money was furnished by Hogan Motes, and the title taken in her name with a view to defeat the creditors of said Hogan Motes. The answer of S. A. Mounce denies all the allegations of fraud and also sets up the plea of the statute of limitations. The answer of E. H. Frost & Co. does not appear in the "Case," as they do not seem to have appealed from the judgment of the Circuit Court.

The issues of law and fact were referred to the master for trial, and he found as matter of fact that the money with which the bid of S. A. Mounce for the land in question was paid, was furnished by Hogan Motes, who said that this arrangement, which he characterized as "sham work," was made because he was largely involved as surety and desired to secure a home for himself and his daughter; and as matter of law the master found that the sheriff's deed to S. A. Mounce should be set aside as fraudulent and void, and that the land should be sold and the proceeds applied to the payment of the costs of this action, and to the judgment of this plaintiff against the said Hogan Motes,

and any other judgments which may have become liens prior to the execution of the bond and mortgage to E. H. Frost, if there be any such, and then to the payment of said mortgage debt to E. H. Frost. The master also found as matter of law that the statute of limitations was not a bar to the action because it did not appear that the alleged fraud had been discovered more than six years before the commencement of this action. To this report the defendants excepted, alleging errors both in the findings of fact and in the conclusions of law, and also upon the ground that the master erred in holding that the declarations of Hogan Motes, made after the date of the deed from the sheriff, though while he continued in possession of the land, were competent evidence against the defendants in this case. The Circuit judge overruled all the exceptions and confirmed the report of the master, and the defendant S. A. Mounce appealed upon the same grounds upon which the exceptions to the master's report were based.

This appeal, therefore, raises three questions: 1. As to the competency of the declarations of Hogan Motes; 2. As to the findings of fact on the question of fraud; 3. As to the statute of limitations.

Since the case of *McCord* v. *McCord*, 3 *S. C.* 577, supported as it is by the authorities cited in the argument of that case, as well as in the argument here, there cannot be any doubt as to the first question, and that there was no error in receiving the declarations of Hogan Motes, made while he continued in possession of the land, after the alleged sale to the defendant S. A. Mounce, for the purpose of showing fraud in the pretended sale. It is true that the appellant has, in the argument here, denied that the possession of Hogan Motes continued after the sale the same as before, and, on the contrary, contended that, according to the evidence, after the sale he was in possession only as the tenant of his daughter. But this is a question of fact, and it has been found otherwise by the master upon testimony which is certainly sufficient to support such a finding, and, having been concurred in by the Circuit judge, it is binding upon us.

Again, it will be observed that it is not declarations alone of Hogan Motes which are relied upon, but his acts accompanying

such declarations, such as offering to sell a portion of the land, saying: "He could give as good titles as there was in the State," and his continuing in the use and control of the land after the sale just as before.

The fact that in this case the sale was not a voluntary private sale, as in *McCord* v. *McCord,* but was a public sale made by the sheriff, can make no difference as far as this point is concerned. As is said in *Bump Fraud. Conv.* 256: "If a debtor, for instance, at a public sale under a mortgage or execution, advances the money with which another purchases the property, there is no sale against the creditors. * * * In such cases there is no distinction between a conveyance directly from the debtor and one from the sheriff or other public officer. In reality, the conveyance is from the debtor through the sheriff or other public officer." The same rule applies to a purchaser at a sheriff's sale who allows the judgment debtor to remain in possession, as was applied in *McCord* v. *McCord,* where the vendee at a private sale allowed his vendor to retain possession, for, in the former case, the purchaser, in reality, buys from the judgment debtor through the agency of the sheriff.

If these declarations of Hogan Motes were, as we have seen, competent evidence in this case, then certainly there is no ground upon which we could, under the well-settled rule, disturb the findings of fact in the court below; for, there is not only testimony sufficient to support such findings, but we think the weight of the evidence is decidedly in favor of the conclusions reached by the master and by the Circuit judge.

It has been argued, however, by the counsel for appellant, with much force, that the effect of retention of possession by the vendor is not the same where the parties occupy the position of father and daughter, as it would be in ordinary cases. Some of the cases cited by counsel do seem to look that way, though all of them, except *Howard* v. *Williams,* 1 *Bailey* 575, limit the proposition to cases where the child is an infant living with the parent; for there, as is said in *Kid* v. *Mitchell,* 1 *N. & McC.* 339, the possession by the father is in accordance with the terms of the deed which purports to transfer the property, inasmuch

2F

as the father, as natural guardian of the child, would be regarded as holding the possession merely as the representative of the infant. These cases were, however, reviewed in the case of *Farr* v. *Sims, Rich. Eq. Cas.* 135, and the doctrine which they announce was very much shaken, if not overthrown.

But this question is not really involved in the present case. Here, the allegation is that the property of the judgment debtor, though bid off at the sheriff's sale by the defendant S. A. Mounce, was actually paid for with the money of the debtor, Hogan Motes; and this allegation is fully sustained by the testimony, to say nothing of the very significant circumstance that although it is denied in her answer, it is not denied when she went upon the stand as a witness subject to cross-examination. There was, therefore, a resulting trust in favor of Hogan Motes, which his creditors have a right to subject to the payment of his debts. *Brown* v. *McDonald*, 1 *Hill Ch.* 305–6.

The only remaining question is whether the action was barred by the statute of limitations. Since the decision in *Suber* v. *Chandler*, 18 *S. C.* 526, there can be no doubt upon this question, as the action was commenced within six years after the judgment at law was obtained. Aside from this, however, the statute, according to code of 1882, section 112, did not commence to run until " the discovery * * * of the facts constituting the fraud." In the complaint the plaintiff alleges that the knowledge of the fraud came to him within six years next preceding the commencement of the action, and there is no testimony showing that the plaintiff had any knowledge of the facts constituting the fraud, or that he was in possession of any clue which, if properly pursued, would have led to a knowledge of such facts, more than six years before this action was commenced, and in the absence of such testimony the plea of the statute cannot be sustained. *Shannon* v. *White*, 6 *Rich. Eq.* 101 ; *Beattie* v. *Pool*, 13 *S. C.* 384. The plaintiff, doubtless, knew of the sale, and of the continued possession by the judgment debtor, but that was not information of the facts constituting the fraud. The furnishing the money by Hogan Motes, with which the appellant made the purchase, was the important fact constituting the fraud, and when that fact first came to the

knowledge of the plaintiff does not appear, and the burden of showing it was upon the appellant.

The sale having been a public sale, the retention of possession by the real vendor, Hogan Motes, was not a circumstance as well calculated to arrest attention and excite suspicion, as if it had been a voluntary private sale, (*Guignard* v. *Aldrich & Harley*, 10 *Rich. Eq.* 262,) and there does not appear to be any other fact tending to show fraud except the fact that the means of making the purchase were furnished by Hogan Motes for the avowed purpose of securing a home for himself and his daughter which would be exempt from the claims of his creditors, and as we have said, it does not appear when this fact first came to the knowledge of the plaintiff, or when he first acquired such information as, if properly pursued, would have led to the discovery of such fact. It is plain, therefore, that the plea of the statute could not be sustained.

The judgment of this court is that the judgment of the Circuit Court be affirmed.